GEORGE A. QUINCY, Respondent, v. BENJAMIN J. WARNER, Appellant.

*Damages for personal injuries — when an appellate court has no power to interfere with the verdict.*

In an action brought to recover damages for personal injuries, where the testimony on one side is adequate to impose a liability upon the defendant, and on the other side is sufficient to relieve him therefrom, a question of fact is presented for the determination of the jury, with whose verdict an appellate court has no power to interfere.

APPEAL by the defendant, Benjamin J. Warner, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of October, 1893, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 28th day of October, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Albert G. McDonald*, for the appellant.

*James D. Bell*, for the respondent.

DYKMAN, J.:

This is an appeal from a judgment entered upon a verdict in favor of the plaintiff, and from an order denying a motion for a new trial upon the minutes of the court.

The action was brought for the recovery of damages resulting from an injury to the plaintiff caused by a fall through a trap door in a general hallway of an entrance to a building belonging to the defendant in the city of Brooklyn.

The building was occupied by various tenants, and, among others, by an insurance company in whose employ the plaintiff was when he was injured; as the plaintiff was about to go up to the office of the company he fell into the hole, the door being up at the time.

The decisive question upon the trial was whether the janitor, who was the servant of the defendant, was guilty of negligence in permitting the door to be removed, or allowing it to remain off the opening which it was designed to cover and protect.

The testimony on the part of the plaintiff was sufficient to prove want of proper care, and that introduced by the defendant was sufficient for his exculpation.

It is, therefore, the common case where testimony on one side is adequate to impose liability, and upon the other sufficient to relieve therefrom, and thus presents a question of fact for the determination of the jury, and leaves an appellate tribunal destitute of power to interfere.

There is an exception to the admission of proof of the declaration of the janitor, that the accident was his fault in part, which is not entirely free from doubt.

We have concluded, however, that the testimony was admissible in contradiction of his testimony, which was to the effect that he was free from fault.

There was no exception to the charge as finally made.

The judgment and order should be affirmed, with costs.

Pratt, J., concurred; Brown, P. J., not sitting.

Judgment and order affirmed with costs.